IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Dennis Earl Cox, ) | Civil Action No.: 9:13-cv-2666-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant.[2] Plaintiff Dennis Earl Cox ("Plaintiff" or "Cox") brought this action pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB"). In his R & R, the Magistrate Judge recommends affirming the decision of the Commissioner.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on March 17, 2010, alleging a disability onset date of January 15, 2009 due to a back injury, blood clots in his lungs, high cholesterol, and high blood pressure. (R. pp. 12, 173, 178.) After his application was denied initially and on reconsideration, he requested a hearing before an administrative law judge ("ALJ"). The hearing before the ALJ was held on June 5, 2012. (R. pp. 30–48.) The ALJ issued an unfavorable decision on June 14,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this lawsuit.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

2012. (R. pp. 9–24.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ decision the Commissioner's "final decision" for purposes of judicial review. *See* 42 U.S.C. §405(g); 20 C.F.R. §404.981 (2003). The ALJ's overall findings were as follows:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2011.
>
> 2. The claimant did not engaged in substantial gainful activity during the period from his alleged onset date of January 15, 2009 through his date last insured of March 31, 2011 (20 C.F.R. 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairments: lumbar degenerative disc disease, right shoulder arthrosis status-post rotator cuff repair, and bilateral sensorineural hearing loss with tinnitus (20 C.F.R. 404.1520(c)).
>
> . . .
>
> 4. Through the date last insured, claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).
>
> . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with some additional limitations. Specifically, claimant was able to lift and carry up to 20 pounds occasionally and 10 pounds frequently. He was able to stand, walk, and sit for 6 hours in an 8-hour day. Claimant, however, was restricted from climbing ladders, ropes, and scaffolds. He could climb ramps and stairs, stoop, kneel, crouch, and crawl only occasionally. He was able to reach overhead with his right dominant extremity only occasionally. Claimant was required to avoid concentrated exposure to temperature extremes, humidity, background noises, and hazards.
>
> . . .
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work (20 C.F.R. 404.1565).

. . .

> 7. The claimant was born on January 5, 1957 and was 54 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 C.F.R. 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).
>
> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that claimant could have performed (20 C.F.R. 404.1569 and 404.1569(a)).
>
> 11. Claimant was not under a disability, as defined in the Social Security Act, at any time from January 15, 2009, the alleged onset date, through March 31, 2011, the date last insured (20 C.F.R. 404.1520(g)).

(R. pp. 12–24.)

The ALJ's finding became the final decision of the Commissioner when the Appeal's Council denied Plaintiff's request for further review. On September 30, 2013, Plaintiff filed this action seeking judicial review of the Commissioner's decision. *See* Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, *see* ECF Nos. 15, 16, 17, and the Magistrate Judge issued his Report and Recommendation on December 8, 2014. *See* R & R, ECF No. 19. Plaintiff timely filed objections to the R & R on December 28, 2014. *See* Pl.'s Objs., ECF No. 21. Defendant replied to the objections on January 8, 2015. *See* Reply, ECF No. 22.

3

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see also Daniel v. Gardner*, 404 F.2d 889, 890 n.1 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776, 784 (E.D. Va. 1976) (same). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g.*, *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (citations omitted). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58 (citations omitted).

4

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R & R.  28 U.S.C. § 636(b)(1).  The Magistrate Judge makes only a recommendation to the court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### DETERMINATION OF DISABILITY

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability."  42 U.S.C. § 423(a).  The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  *Id.* § 423(d)(1)(A).  "The ultimate burden to prove disability lies on the claimant."  *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985).  A claimant may establish a *prima facie* case of disability based solely upon medical

evidence by demonstrating that her impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the claimant's (1) "residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

**DISCUSSION**

The Magistrate Judge recommends affirming the decision of the Commissioner, and finding that the decision was supported by substantial evidence. *See* ECF No. 19 at 4. Specifically, the Magistrate Judge rejected Plaintiff's arguments that the ALJ erred because: (1) her decision is not supported by substantial evidence, (2) she failed to address the question of medical equivalence (specifically as to Listing 1.04 – disorders of the spine), (3) she failed to properly evaluate the combined effect of Plaintiff's multiple impairments, and (4) her credibility analysis was legally and factually unsound. *See id.* at 4, 11–24.

Plaintiff objects to the Magistrate Judge's recommendations. First, he argues that the Magistrate Judge improperly substituted his own judgement for that of the ALJ by making a decision based upon a more detailed or expansive reading of the facts than the ALJ did in her decision. *See* ECF No. 21 at 1–2. Next, he argues that the Magistrate Judge improperly made a *post-hoc* discussion of the evidence in order to support the ALJ's listing equivalence finding, which was stated without an appropriate analysis of the facts and evidence. *See id.* at 2. Plaintiff then asserts that the Magistrate Judge erred in determining that the ALJ's failure to make specific findings as to the effect of all of Plaintiff's impairments, in combination, was acceptable. *See id.* at 2–3. Plaintiff next contends that the Magistrate Judge erred in determining that the ALJ conducted a proper credibility analysis of Plaintiff. *See id.* at 3–5. Finally, he argues that the ALJ's failure to consider all of the Plaintiff's impairments in combination caused a fatal flaw in her RFC determination. *See id.* at 5.

The Commissioner replied, asserting that Plaintiff's objections should be overruled and the decision of the Commissioner affirmed, based on the rationale set forth in the R & R and the Commissioner's opening brief. *See* ECF No. 22 at 1.

**I.      Magistrate Judge's Statement of Plaintiff's Medical History**

Plaintiff's first objection concerns the Magistrate Judge's statement of Plaintiff's medical history.  Plaintiff generally argues that, to the extent the Magistrate Judge bases his findings on "objective medical evidence" or "other record evidence," he objects, as this Court's function is not to substitute its own judgment for that of the ALJ.  This argument is discussed with more specificity in conjunction with the remainder of Plaintiff's objections, and thus the Court will address this argument below in addressing those objections.

**II.     Medical Equivalence**

Plaintiff's next objection claims that the Magistrate Judge "conflated the ALJ's mere statement of findings with an appropriate analysis of the facts and evidence."  *See* ECF No. 21 at 2.  Plaintiff argues that the Magistrate Judge engaged in a *post-hoc* rationalization of the ALJ's decision, as the Court could not ascertain whether the ALJ actually considered the evidence relevant to medical equivalency.  *See id.*  Plaintiff contends that the ALJ simply made an unadorned statement that Plaintiff's impairment(s) did not "medically equal" a listing without additional discussion.  *See id.*  Plaintiff asserts that it is the ALJ's duty to consider the evidence and make fully analyzed and explained findings, not the Magistrate Judge.  *See id.*

Plaintiff argues that his impairment is medically equal to Listing 1.04A.  In her decision, the ALJ specifically looked at this listing and determined that the evidence "fails to revel a disorder of the spine resulting in compromise of a nerve root or the spinal cord with evidence of: nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and positive straight leg tests."   (R. p. 17.)  Plaintiff argues that this does not indicate whether the ALJ considered the listing equivalence question, and thus asserts that reversal is appropriate.

8

The Court finds however, as did the Magistrate Judge, that the ALJ's failure to give more explanation for his decision that Plaintiff's impairment alone did not equal the severity of Listing 1.04 is not reversible error where, as here, it is clear from the record that his having written more would have had no effect on the outcome of the case. *See King v. Colvin*, No. 9:13-1963-MGL, 2015 WL 337644, at *2 (D.S.C. Jan. 26, 2015) (citing *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987) ("An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably had no practical effect on the outcome of the case."))). Moreover, as the Supreme Court has explained, "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Here, Plaintiff has failed to meet that burden.

As the Magistrate Judge correctly explained, the evidence cited by Plaintiff in his briefing does not show that his impairments medically equal the severity of each of the requirements of Listing 1.04A. *See* ECF No. 19 at 12–14. As the Supreme Court has held, claimants "must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan v. Zelby*, 493 U.S. 521, 531 (1990). The Magistrate Judge noted that, even if the MRIs cited by Plaintiff definitively showed compromise of the nerve root, Plaintiff failed to show that he meets or equals the requirement of motor loss accompanied by sensory or reflex loss. *See* ECF No. 19 at 12–13. Moreover, Plaintiff has not shown that the evidence concerning his left arm neuropathy, foot problems, and/or shoulder impairment are at least of equal medical significance to the 1.04 criteria. *See id.* at 13–14.

Plaintiff does not take issue with the Magistrate Judge's analysis of the evidence in his objections. Rather, he simply argues that the Magistrate Judge substituted his own opinion for that

9

of the ALJ. This objection is without merit. The Magistrate Judge simply looked at the evidence cited by Plaintiff to determine whether it sufficiently met his burden of showing a harmful error. The Court agrees with the Magistrate Judge that Plaintiff has not shown that further evaluation by the ALJ would have resulted in her finding Plaintiff's impairments were medically equivalent to Listing 1.04A. *See Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994) (finding the ALJ's error harmless where the ALJ would have reached the same result notwithstanding).

### III.     Combination of Impairments

Plaintiff then argues that the ALJ did not consider the "combined effects" of Plaintiff's impairments in determining whether he met or medically equaled the severity of one of the listings. *See* ECF No. 21 at 2–3. Plaintiff argues that this is reversible error, as the Fourth Circuit has held that "a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award." *See id.* (citing *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)). Plaintiff argues that the ALJ must make specific findings regarding the effect of all of Plaintiff's impairments, in combination. *See id.* Plaintiff asserts that the Magistrate Judge improperly determined that the ALJ's analysis was sufficient to meet the requirements of *Walker*. *See id.* at 3.

In the *Walker* case, the Fourth Circuit emphasized that the Act required consideration of the effect of a claimant's impairments in combination when determining disability. The ALJ, there, conducted a fragmented analysis of the claimant's impairments. 889 F.2d at 50. "He simply noted the effect or noneffect of each [impairment] and found that the claimant could perform light and sedentary work." *Id.* at 49–50. Ultimately, the claimant was found not disabled based on a residual functional capacity to perform "sedentary and light work limited only by his inability to work around unprotected heights because of his seizure disorder." *Id.* at 48. The Fourth Circuit, in order

to ensure that the ALJ conducted a combined effect analysis, held that "the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Id.* at 50. The case was remanded for proper consideration of the combined effect of claimant's impairments. *Id.*

As the undersigned has previously explained, in the decades since the *Walker* decision, the Fourth Circuit has provided very little elaboration about the meaning of "adequate." *See Latten-Reinhardt v. Astrue*, No. 9:11-cv-00881-RBH, 2012 WL 4051852, at *4 & n.2 (D.S.C. Sept. 13, 2012) (also noting that other circuits show great deference to the Commissioner in addressing the same issue). In an unpublished opinion, the court found that a district court had "correctly determined that the ALJ had adequately explained his evaluation of the combined effect of [a claimant's] impairments." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, at *3 (4th Cir. 1995). Although the issue there regarded medical equivalence—a factor in determining whether impairments meet listing level severity—the opinion sheds light on the Fourth Circuit's threshold for analyzing the combined effect of a claimant's symptoms on his ability to engage in substantial gainful activity, suggesting *Walker* was not meant to be used as a trap for the Commissioner.

In *Green*, the court focused on the ALJ's conclusions that he considered the combination of the claimant's impairments in determining disability and noted findings consistent with that conclusion. *Id.* Accordingly, the adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the ALJ considered the combined effect of a claimant's impairments. Most importantly, when multiple impairments are present, this Court must be satisfied that the ALJ's decision regarding disability is not founded on a fragmentized analysis of those impairments. *Walker*, 889 F.2d at 50. If the ALJ's analysis is fragmentized, it is, of course, the Plaintiff's task to adequately show the Court that the ALJ's decision could have been different had she done an adequate combined effect analysis of Plaintiff's multiple impairments. *See Mickles v. Shalala*, 29

11

F.3d 918, 921 (4th Cir.1994) (finding the Commissioner "would have reached the same result notwithstanding his initial error"); *Morgan v. Barnhart*, 142 F. App'x 716, 724 (4th Cir. 2005).

Here, the decision as a whole indicates that the ALJ performed an adequate combined effect analysis of Plaintiff's multiple impairments.  In her decision, the ALJ listed each of Plaintiff's symptoms that he testified he suffers from, and noted that "after careful consideration of the evidence, the undersigned finds that claimant's medically determinable impairments could be expected to cause the alleged symptoms."  (R. p. 8.)  However, she found Plaintiff was not credible with regard to his statements about "the intensity, persistence and limiting effects of these symptoms."  (Id.)  The ALJ then extensively discussed each of Plaintiff's impairments and the various medical records relevant to them.  Ultimately, she found that "[w]hile claimant's severe impairments were not disabling during the relevant time period, the undersigned finds that they would have imposed some limitations upon the claimant."  (R. pp. 18–20.)  The ALJ also explained how each impairment and symptom factored into her overall RFC determination.  (R. pp. 20–22.)  Reading the ALJ's decision as a whole, it is clear that she did in fact consider the "entire record" and "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in reaching her RFC determination.  (R. pp. 12, 14, 17.)  This analysis also supports the ALJ's statement that claimant "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments."  (R. p. 16.)

Accordingly, the Court agrees with the Magistrate Judge with regard to Plaintiff's combined effects argument.[3]

---

[3] Furthermore, Plaintiff did not address the Magistrate Judge's contention that any error would have been harmless in his objections.  As the Magistrate Judge correctly noted, even if Plaintiff showed

## IV.     Plaintiff's Credibility

Plaintiff's remaining objection is to the Magistrate Judge's analysis regarding the ALJ's determination of the Plaintiff's credibility and his RFC.  The Magistrate Judge broke these two items out separately for analysis in the R & R, and the Court will do likewise.  However, the Court will address Plaintiff's objections regarding his credibility first.

Plaintiff asserts that the Magistrate Judge and ALJ "sought to minimize the objective medical evidence" of Plaintiff's impairments.   Specifically, Plaintiff notes that it was "uncontroverted in the record" that claimant was diagnosed with bilateral foraminal stenosis of the lower spine.  ECF No. 21 at 5.  Plaintiff notes that this condition was described as "moderate" as early as 2006 and "severe" by 2009.  (R. pp. 241-42, 471-74.)  Plaintiff then provides a description of what bilateral forminal stenosis is and what the effects are.  Plaintiff asserts that this information is "consistent with Mr. Cox's symptoms and complaints over the years covered by his medical record." ECF No. 21 at 5.  Plaintiff argues that the ALJ and Magistrate Judge refused to completely consider the entire record and consider Plaintiff's subjective complaints once the objective cause has been established.  *Id.*    Finally, Plaintiff again argues that the ALJ's failure to consider the impairments in combination cause a fatal flaw in her RFC determination.

Plaintiff first raises this issue regarding bilateral forminal stenosis in his objections.  First and foremost, objections to the R & R are not the proper time to raise new arguments to the Court.  Rather, they are to detail how the objector believes the Magistrate Judge erred in the R & R.  In any event, the Court finds that the ALJ did not err in discounting Plaintiff's credibility, as her decision is supported by substantial evidence.

---

that the ALJ did err—which the Court does not find—by not discussing Plaintiff's impairments in combination, any such error would have been harmless in this matter. *See Mickles*, 29 F.3d at 921.

13

Prior to considering a claimant's subjective complaints, an ALJ must find a claimant has an underlying impairment that has been established by objective medical evidence that would reasonably be expected to cause subjective complaints of the severity and persistence alleged. *See* 20 C.F.R. § 404.1529; SSR 96–7p; *Craig v. Chater*, 76 F.3d 585, 591–96 (4th Cir. 1996) (discussing the regulation-based two-part test for evaluating pain). The first part of the test "does not . . . entail a determination of the 'intensity, persistence, or functionally limiting effects' of the claimant's asserted pain." 76 F.3d at 594 (internal quotation omitted). Second, and only after claimant has satisfied the threshold inquiry, the ALJ is to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." *Id.* at 595. This second step requires the ALJ to consider the record as a whole, including both objective and subjective evidence, and SSR 96–7p cautions that a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96–7p, ¶ 4.

If an ALJ rejects a claimant's testimony about her pain or physical condition, he must explain the bases for such rejection to ensure that the decision is sufficiently supported by substantial evidence. *Hatcher v. Sec'y, Dep't of Health & Human Servs.*, 898 F.2d 21, 23 (4th Cir. 1989) (quoting *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985)). Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria. *Breeden v. Weinberger*, 493 F.2d 1002, 1010 (4th Cir. 1974) ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor. But administrative findings based on oral testimony are not sacrosanct,

and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained."). "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p, ¶ 5.

The Court finds that the ALJ's decision to discount Plaintiff's testimony was supported by substantial evidence. As the Magistrate Judge detailed in the R & R, the ALJ sufficiently explained her decision to find that Plaintiff's impairments could reasonably be expected to cause his alleged symptoms, but that Plaintiff's statements about the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the RFC. As the Magistrate Judge noted, the ALJ did not discount Plaintiff's allegations solely on a lack of objective medical evidence. Rather, she considered Plaintiff's statements, his treatment history, his medications and their side effects, and the opinion evidence in making a credibility determination. (R. pp. 17–22.) Plaintiff's objection asserting that his complaints were consistent with the symptoms of bilateral foraminal stenosis is simply a red herring. Plaintiff cites to no record evidence to support his contention that the ALJ erred in her credibility analysis, aside from the fact that he does in fact suffer from this condition—which the ALJ herself acknowledged. (R. p. 18–19.) Plaintiff simply argues in his objections that this condition could in fact be consistent with his symptoms and pain complaints.

The question before this Court, however, is not whether the ALJ examined every piece of evidence or gave proper due to a specific item in the record. Rather, the question is whether the ALJ's decision is supported by substantial evidence. For the reasons set forth by the Magistrate Judge in the R & R, the Court finds that it was.

## V.     RFC Determination

Plaintiff's final objection is only two sentences and asserts that the ALJ's failure to consider Plaintiff's impairments caused a fatal flaw in her RFC determination, and the Magistrate Judge failed to exercise the proper oversight in reviewing the ALJ's decision.

For the reasons set forth above in the section discussing the listings analysis, the Court finds that the ALJ did consider Plaintiff's impairments in combination in reaching her RFC determination.  As noted above, the ALJ extensively discussed each of Plaintiff's impairments and the various medical records relevant to them.  The ALJ also explained how each impairment and symptom factored into her overall RFC determination.  (R. pp. 20–22.)  Reading the ALJ's decision as a whole, it is clear that she did in fact consider the "entire record" and "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in reaching her RFC determination.  (R. pp. 12, 14, 17.)  Accordingly, the Court finds no error with the ALJ's analysis.

### CONCLUSION

The Court has thoroughly reviewed the entire record as whole, including the transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Defendant's reply to the objections, and applicable law.  For the reasons set forth above, the Court hereby overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge.  The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

                                                                 s/ R. Bryan Harwell
                                                              R. Bryan Harwell
                                                              United States District Judge

March 31, 2015
Florence, South Carolina